IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| KEVIN WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD LIFE INSURANCE CO. AND MATRIX ABSENCE MANAGEMENT, INC.<br><br>    Defendant. | Civil Action No. |

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

Plaintiff, Kevin Walker, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Kevin Walker, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Cocke County, Tennessee.

5. Defendant Reliance Standard Life Insurance Co (hereinafter "Reliance"), is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

6. Defendant Reliance is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. LTD 131133, issued by Reliance to Sonoco.

7. Defendant Matrix Absence Management (hereinafter "Matrix"), is a sister company of Reliance, and acts as a claim administrator on behalf of Reliance.

8. Defendant Matrix Absence Management can be served with process through its registered agent for service of process CT Corporation, 300 Montvue Rd. Knoxville, TN 37919.

## FACTS

9. Plaintiff was employed by Sonoco in its Morristown, Tennessee location.

10. By virtue of his employment, Plaintiff was enrolled in the Sonoco LTD plan, which is an ERISA employee welfare benefit plan (the "Plan").

11. Benefits under the Plan are insured by Reliance under Group Long Term Disability Policy No. LTD 131133, issued by Reliance to Sonoco.

12. Plaintiff is a participant or beneficiary of the Plan.

13. Plaintiff ceased work due to a disability related to his medical conditions, including dementia, on November 23, 2020, while covered under the Plan.

14. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

15. Plaintiff filed an application for LTD benefits under the Plan.

16. After initially denying Plaintiff's claim, Reliance approved Plaintiff's appeal on March 23, 2022 and paid benefits back to June 5, 2021.

17. Reliance continues to pay benefits under the plan.

18. By letter dated April 12, 2022, Reliance, through Matrix, notified Plaintiff that it would be applying an offset to his monthly benefit in the amount of $1,117.45 per month for 60 months because Mr. Walker received a $67,046.71 lump sum distribution from his employer sponsored pension plan in 2021. See Exhibit A.

19. In the same letter, Reliance cited plan language explaining that if other income benefits were received in a lump sum, and no time period was given for it, the insurer would pro rate that amount over a period of 60 months.

20. The Plan contains a provision defining other income that is deductible under the plan which includes "that part of Retirement Benefits paid for by you that an insured is eligible to receive under a group retirement plan."

21. When that income is received as a Lump Sum, the Plan Provides: "***LUMP SUM PAYMENTS:*** *If Other Income Benefits are paid in a lump sum, the sum will be prorated over the period of time to which the Other Income benefits apply. If no period of time is given, the sum will be prorated over sixty (60) months.*"

22. Plaintiff later received a letter from Sonoco describing the lump sum benefit as representing "the discounted value of each monthly benefit payment that Mr. Walker would have received as a single life annuity for his lifetime, only beginning at Plan normal retirement date, or current date, if after." See Exhibit B.

23. Because the pension benefit applies to the time period after Mr. Walker retires, it is inappropriate under the terms of the plan for Reliance to offset for this benefit.

24. By letter dated July 6, 2022, Plaintiff appealed Reliance's decision to offset his monthly benefits by his pension benefits.

25. Plaintiff requested that Reliance overturn its decision to offset his monthly benefit by the pro-rated pension amount because the pension lump sum was intended to apply to the time period after he reached his retirement age.

26. Reliance had 45 days from its receipt of that letter to render its decision, or until July 20, 2022, pursuant to 29 C.F.R. § 2560.503-1(i)(3)(i).

27. Reliance, through Matrix, confirmed receipt of the appeal on July 7, 2022. Exhibit C.

28. Reliance again confirmed receipt of the appeal and confirmed it would make a decision within 45 days of the appeal on July 18, 2022. Exhibit D.

29. To date—67 days after Plaintiff appealed Reliance's decision—Reliance has not responded to Plaintiff's appeal and has failed to act on Plaintiff's claim within the time deadlines required by 29 C.F.R. § 2560.503-1.

30. Reliance has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

31. Pursuant to 29 C.F.R. § 2560.503-1(l), due to Reliance's failure to act in a timely fashion, Plaintiff is deemed to have exhausted his administrative remedies and is entitled to pursue all available remedies under ERISA 502(a) in this Court.

32. Due to Reliance's failure to establish and follow reasonable claims procedures, and because Reliance never provided a decision on the merits of Plaintiff's claim, Plaintiff is entitled to *de novo* review of its denial of his claim.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

33. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

34. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

35. Defendant failed to provide all the benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

36. The Defendant's decision to reduce or offset Mr. Walker's benefit was wrong under the terms of the plan.

37. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan prior to offset.

38. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to

suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, without applying a reduction for the pension benefits.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 13 day of September, 2022.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY:   /s/Hudson T. Ellis
      Hudson T. Ellis (Tenn. Bar #28330)
      Kaci D. Garrabrant (Tenn. Bar #039026)
      414 McCallie Avenue
      Chattanooga, TN 37402
      (423) 634-2506
      FAX: (423) 634-2505
      ellish@buchanandisability.com
      kgarrabrant@buchanandisability.com