UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| KEVIN WALKER, | ) | |
|---|---|---|
| | ) | Case No. 2:22-cv-109 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Cynthia R. Wyrick |
| RELIANCE STANDARD LIFE INSURANCE CO. | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION

Before the Court are the parties' cross-motions for judgment on the administrative record (Docs. 17, 22.) For the following reasons, the Court will **DENY** Plaintiff's motion (Doc. 17) and **GRANT** Defendant's motion (Doc. 22).

I.     BACKGROUND

Plaintiff Kevin Walker brings the present action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*., to obtain judicial review of Defendant Reliance Standard Life Insurance Co.'s ("Reliance") calculation of his long-term disability benefits. (Doc. 1.) Walker previously worked as a finishing technician with Sonoco Products Company ("Sonoco"), and, as part of his employment, he was covered by Sonoco's long-term disability insurance plan (the "Plan"), which is administered by Reliance. (Doc. 16, at 206.) The parties agree that Walker is disabled under the Plan due to symptoms he experienced from post-concussive syndrome. (Doc. 18, at 4; Doc. 24, at 4.)

While Reliance initially denied Walker long-term disability benefits under the Plan, on March 23, 2022, it reversed its original decision and approved Walker for such benefits. (Doc.

16, at 208.) On April 8, 2022, Reliance sent Walker a letter detailing its calculation of his monthly benefit. (*Id.* at 209–10.) The letter calculated the monthly benefit as follows:

| | |
|---|---:|
| Monthly Salary | $4,357.60 |
| Monthly Gross Benefit @ 60 % of Monthly Salary | $2,614.56 |
| Offset: Pension Offsets | -$1,117.45 |
| Offset: STD Benefit | -$4,759.13 |
| Net Monthly Benefit | $100.00 |

(*Id.* at 209 (cleaned up).) Reliance further explained this calculation in a letter dated April 12, 2022, explaining that "[o]n May 28 2021, we were informed by your employer that on May 14, 2021 you received a lump sum of $67,046.71 from the employer sponsored pension plan. This is considered [a long-term disability] Benefit offset; the monthly offset is $1,117.46 ($67,046.71/60)." (*Id.* at 213.)

In the same letter, Reliance cited the applicable Plan provisions regarding offsetting lump-sum payments. (*Id.* at 212–15.) In pertinent part, the Plan provides:

> **BENEFIT AMOUNT**: To figure the benefit amount payable:
> (1) multiply an Insured's Covered Monthly Earnings by the benefit percentage(s), as shown on the Schedule of Benefits page;
> (2) take the lesser of the amount:
>    (a) of step (1) above; or
>    (b) the Maximum Monthly Benefit, as shown on the Schedule of Benefits page; and
> (3) subtract Other Income Benefits, as shown below, from step (2) above.

(*Id.* at 21.) The Plan defines "Other Income Benefits" as:

> **OTHER INCOME BENEFITS**: Other Income Benefits are:
> (1) disability income benefits an Insured is eligible to receive because of his/her Total Disability under any group insurance plan(s) provided by you;
> . . . .
> (6) that part of Retirement Benefits[1] paid for by you that an Insured is eligible to receive under a group retirement plan . . .

---

[1] While not in dispute, the Plan defines "Retirement Benefits" as

> [M]oney which the Insured is entitled to receive upon early or normal retirement or disability retirement under:

(*Id.*) In its Lump Sum Payments provision, the Plan provides "[i]f Other Income Benefits are paid in a lump sum, the sum will be prorated over the period of time to which the Other Income benefits apply. If no period of time is given, the sum will be prorated over sixty (60) months." (*Id.* at 22.) Reliance concluded that the lump-sum pension payment did not apply to a period of time and, therefore, prorated the payment over sixty months. (*Id.* at 213.)

On July 6, 2022, Walker appealed Reliance's calculation. (*Id.* at 239–49.) Reliance acknowledged receipt of the appeal on July 18, 2022, but did not respond by August 20, 2022, the date its decision was due under the terms of the Plan. (*Id.* at 221.) Instead, Reliance denied Walker's appeal on September 16, 2022. (*Id.* at 222–26.)

On September 13, 2022, before receiving Reliance's decision on his appeal, Walker initiated the present action, seeking judicial review of Reliance's calculation of his long-term disability benefits. (Doc. 1.) The parties have filed cross-motions for judgment on the administrative record (Docs. 17, 22), and the motions are now ripe for the Court's review.

## II. STANDARD OF REVIEW

"When reviewing a denial of benefits under ERISA, a court may consider only the evidence available to the administrator at the time the final decision was made." *McClain v Eaton Corp. Disability Plan*, 740 F.3d 1059, 1064 (6th Cir. 2014) (citing *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998)). Courts review challenges to benefit

---

(1) any plan of a state, county or municipal retirement system, if such pension benefits include any credit for employment with you;
(2) Retirement Benefits under the United States Social Security Act of 1935, as amended or under any similar plan or act; or
(3) an employer's retirement plan where payments are made in a lump sum or periodically and do not represent contributions made by an Insured.

(Doc. 16, at 13.)

determinations *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan[,]" in which case a court reviews benefit determinations under an "arbitrary and capricious" standard. *Univ. Hosps. of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 845 (6th Cir. 2000) (citations omitted). Even if the plan administrator possesses authority to determine eligibility for benefits or construe the terms of the plan, when a plan administrator issues a decision after the applicable deadline, a court reviews this decision *de novo*. 29 C.F.R. § 2560.503-1(3). In this case, the parties agree that Reliance issued its final decision after the applicable deadline and that *de novo* review is appropriate. (Doc. 18, at 6; Doc 24, at 6.)

Under a *de novo* standard of review, the "role of the court . . . is to determine whether the administrator . . . made a correct decision." *Hoover v. Provident Life & Accident Ins. Co.*, 290 F.3d 801, 808–09 (6th Cir. 2002). A court must determine "whether the administrator properly interpreted the plan." *Id*. at 809. In making this determination, courts "apply general principles of contract law and must read the plan provisions 'according to their plain meaning in an ordinary and popular sense.'" *O'Neill v. Unum Life Ins. Co. of Am.*, No. 18-1382, 2018 WL 7959523, at *3 (6th Cir. Nov. 19, 2018) (quoting *Williams v. Int'l Paper Co.*, 227 F.3d 706, 711 (6th Cir. 2000)). Additionally, a court reviews the record without giving any deference or presumption of correctness to the administrator's decision. *James v. Liberty Life Ins. Co. of Boston*, 582 F. App'x 581, 586 (6th Cir. 2014). However, the insured bears the burden of proof by a preponderance of the evidence. *O'Neill*, 2018 WL 7959523, at *3.

### III. ANALYSIS

Walker contends that Reliance incorrectly interpreted the Plan's Lump Sum Payments provision—specifically the phrase "period of time." (Doc. 18, at 9; Doc. 24, at 5.) Walker

argues that, under the unambiguous terms of the Plan, the offset for other income received as a lump sum should be applied to the time period from his retirement until his death. (Doc. 18, at 9, 12.)

When interpreting an ERISA plan, courts construe the plan "with a view toward effectuating its general purpose." *Kolkowski v. Goodrich Corp.*, 448 F.3d 843, 850 (6th Cir. 2006) (citing *Wulf v. Quantum Chem. Corp.*, 26 F.3d 1368, 1374 (6th Cir. 1994)). This inquiry begins with "the language of the plan itself as known by the employees, or as the employees should have known." *Id.* (quoting *Callahan v. Rouge Steel Co.*, 941 F.2d 456, 460 (6th Cir. 1991)). When the language of a plan is ambiguous, a court may look to extrinsic evidence to "discern the purpose of the plan as the average employee would have reasonably understood it." *Id.*

In this case, Walker's interpretation is contrary to the unambiguous language of the Plan. The Lump Sum Payments provision's use of "period of time" denotes a fixed, definite length of time. (Doc. 16, at 22.) Therefore, it provides for a fixed, definite length of time—sixty months—if no period of time is given. (*Id.*) Any contrary interpretation would render the provision's application impossible. Prorating requires dividing an amount proportionally over a set number of periods. Reliance could not prorate Walker's pension payment from the time of his retirement until his death because this time is an unknown length. Unlike the fixed period of sixty months, the time from Walker's retirement to his death could last one day or fifty years, rendering it impossible for Reliance to prorate the lump-sum payment over that time.

Further, because Walker is only eligible for disability benefits until his retirement age, if the lump-sum payment is prorated only after his retirement, the payment would not affect his disability benefits, rendering the Plan's provisions on retirement benefits and lump-sum

5

Case 2:22-cv-00109-TRM-CRW   Document 27   Filed 04/24/23   Page 5 of 6   PageID #: 368

payments as surplusage. *Joy Tabernacle-The New Testament Church v. State Farm Fire & Cas. Co.*, 616 F. App'x 802, 808 (6th Cir. 2015) ("Courts must give effect to all words, phrases, and clauses interpreting a contract, avoiding interpretations that would render any part of the contract surplusage or nugatory.") (citation omitted). Accordingly, Reliance correctly interpreted the Plan and correctly calculated Walker's benefits by prorating the payment over sixty months.

## IV. CONCLUSION

For the above-stated reasons, Walker's motion for judgment on the administrative record (Doc. 17) is **DENIED**, and Reliance's motion for judgment on the administrative record (Doc. 22) is **GRANTED**.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**